**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| **v.** | * | **Case No. 13-cr-661-PWG** |
| **MAHMOOD HUSSAIN** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

This Memorandum Opinion and Order addresses Defendant Mahmood Hussain's Emergency Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), ECF No. 489. Mr. Hussain is currently incarcerated in Correctional Institution Big Spring ("CI Big Spring") in Big Spring, Texas. Def.'s Mot. Mem. 1, ECF No. 489. Mr. Hussain is serving a 120-month sentence for: (1) conspiracy to distribute and possess with intent to distribute cocaine, cocaine base, and marijuana in violation of 21 U.S.C. §§ 846, 841(B)(1)(B); and (2) conspiracy to commit money laundering in violation of 18 U.S.C. §§ 1956(h), 1956(a)(1). J. 1, ECF No. 393. Mr. Hussain has been detained and incarcerated since May 9, 2016. Def.'s Mot. Mem. 2. On January 5, 2021, Mr. Hussain filed a motion requesting that the Court release him because of the "extraordinary and compelling" reasons presented by his vulnerability to COVID-19. *Id.* at 1. I have reviewed all the materials[1] and find a hearing unnecessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons discussed below, Mr. Hussain's motion is GRANTED with conditions.

**BACKGROUND**

On December 2, 2013, a federal grand jury for the District of Maryland returned an indictment charging Mr. Hussain and ten co-defendants with conspiracy to distribute and possess

---

[1] The motion is fully briefed. *See* ECF Nos. 489, 499 and 501.

with the intent to distribute (1) 500 grams or more of a mixture or substance containing a detectable amount of cocaine; (2) 280 grams or more of a mixture or substance containing a detectable amount of cocaine base; and (3) 100 kilograms or more of marijuana in violation of 21 U.S.C. §§ 846, 841; and charging Mr. Hussain and four co-defendants with conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). Indictment, ECF No. 1. On July 27, 2015 and September 14, 2015, the grand jury returned a superseding indictment[2] and a second superseding indictment,[3] each with additional charges for Mr. Hussain. *See* Superseding Indictment, ECF No. 268; Second Superseding Indictment, ECF No. 299.

On September 24, 2015, Mr. Hussain pleaded guilty to (1) conspiracy to distribute and possess with intent to distribute cocaine, cocaine base, and marijuana; and (2) conspiracy to commit money laundering. Def.'s Mot. Mem. 2. On March 23, 2016, I sentenced Mr. Hussain to 120 months in prison, followed by four years of supervised release. J. 2–3. Mr. Hussain has been in custody since May 9, 2016. Def.'s Mot. Mem. 2. Mr. Hussain's current projected release date

---

[2] The superseding indictment added: a charge for Mr. Hussain and three co-defendants for interstate travel in aid of a narcotics enterprise in violation of 18 U.S.C. §§ 2952, 2; a charge for Mr. Hussain for using a communications device to facilitate narcotics trafficking in violation of 21 U.S.C. § 843(b) and 18 U.S.C. § 2; a charge for Mr. Hussain and a co-defendant for money laundering in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i), 2; a charge for Mr. Hussain and three co-defendants for attempted possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841, 18 U.S.C. § 2; and a charge for Mr. Hussain for possession of cocaine base with intent to distribute under 21 U.S.C. § 841, 18 U.S.C. § 2. Superseding Indictment, ECF No. 268.

[3] The second superseding indictment ultimately charged Mr. Hussain with: (1) conspiracy to distribute and possess with intent to distribute cocaine, cocaine base, and marijuana in violation of 21 U.S.C. §§ 846, 841; (2) conspiracy to commit money laundering under 18 U.S.C. § 1956(h); (3) interstate travel in aid of narcotics enterprise in violation of 18 U.S.C. §§ 1952, 2; (4) use of a communication device to facilitate narcotics trafficking in violation of 21 U.S.C. § 843(b) and 18 U.S.C. § 2; (5) money laundering in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i), 2; (6) attempted possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2; and (7) possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2. Second Superseding Indictment, ECF No. 299.

is December 20, 2024. *Id.* Therefore, Mr. Hussain has served about fifty percent of his sentence, and is projected to be released in less than three and a half years.

Mr. Hussain, who is 36 years old, suffers from obesity, with a body mass index of 38.4, moderate asthma, hypertension, pre-diabetes, hyperlipidemia, and he has a history of smoking. Def.'s Mot. Mem. 1; Gov't Resp. 5, ECF No. 499; Def.'s Reply 1, ECF No. 501. According to the Center for Disease Control ("CDC"), some factors that can make an individual more likely to develop a severe case of COVID-19 are: obesity, defined as a body mass index of 30 or higher, severe obesity, defined as a body mass index of 40 or higher, type 2 diabetes, hypertension or high blood pressure, asthma, and a history of smoking. CDC, *People of Any Age with Underlying Medical Conditions,* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precuations/people-with-medical-conditions.html.

Mr. Hussain also has an active immigration detainer that was lodged on January 28, 2020. Def.'s Mot. Mem. 7. Mr. Hussain faces deportation to Bahrain because, though his father entered the United States with a green card, Mr. Hussain never obtained citizenship in the United States. *Id.* at 8. Further, Mr. Hussain argues that his immigration status has detrimental effects on his sentence because: (1) he is not eligible for placement in a minimum-security prison or camp because his security designation is increased due to his lack of citizenship, pursuant to BOP Program Statement 5100.07; and (2) he is not eligible for placement in a community corrections center, such as a halfway house, pursuant to BOP Program Statement 7310.04. *Id.* Mr. Hussain argues that these conditions increase his risk of contracting COVID-19. *Id.*

In opposition, the Government asserts that Mr. Hussain has not exhausted his administrative remedies. Gov't Resp. 1–2. The Government contends that CI Big Spring confirmed that it has not received a record of Mr. Hussain's compassionate release request. *Id.* at 3. And the

Government argues that Mr. Hussain has not shown an extraordinary or compelling reason for his release because he is only 36 years old, and obesity is the only medical condition that places him in a high-risk category for COVID-19. *Id.* at 3–4. The Government concedes though that hypertension and moderate asthma may increase the risk of severe illness from COVID-19. *Id.* The Government also argues that the conditions at CI Big Spring do not present a danger of a widespread COVID-19 outbreak.[4] *Id.* at 6. Additionally, the Government asserts that Mr. Hussain is still a danger to the community. *Id.* at 8–9.

## DISCUSSION

Ordinarily, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see United States v. High,* 997 F.3d 181, 185 (4th Cir. 2021). However, there is an exception when modification is "expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B). Here, Mr. Hussain requests a modification of his sentence for "compassionate release" under the First Step Act, as amended.[5] The First Step Act permits a defendant to petition a federal court directly after exhausting all administrative rights whenever "extraordinary and compelling reasons" warrant a reduction in sentence. 18 U.S.C. § 3582(c)(1)(A)(i). Under the statute, I must do the following: (1) determine whether the petitioner has fully exhausted all administrative remedies or 30 days have passed since the Bureau of Prisons ("BOP") received the request; (2) determine whether "extraordinary and compelling reasons" warrant a sentence reduction that is "consistent" with applicable policy statements issued by the Sentencing Commission; and (3)

---

[4] As of July 26, 2021, 673 inmates and 68 staff have been vaccinated at CI Big Spring, and there is one staff member with an active case of COVID-19. *See* Federal Bureau of Prisons, *COVID-19,* https://www.bop.gov/coronavirus/index.jsp.

[5] The "compassionate release" provision of the 1984 First Step Act, codified at 18 U.S.C. § 3582(c)(1)(A)(i), permitted a court to alter a sentence only upon a motion by the Director of the BOP. In 2018 Congress amended the compassionate release mechanism when it enacted the First Step Act of 2018. *See* Pub. L. 115-391, 132 Stat. 5239 (2018). As amended, the compassionate release provision allows the Court to act on a motion for compassionate release filed by a defendant.

4

consider the sentencing factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable." *Id.* § 3582(c)(1)(A).

## I. Administrative Exhaustion

A court may only consider a prisoner's motion for compassionate release if the prisoner has "fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf" or if 30 days have passed since the warden of a defendant's facility received such a request. 18 U.S.C. § 3582(c)(1)(A). This condition is satisfied. Although the Government argues that Mr. Hussain has not exhausted his administrative remedies because CI Big Spring had not received Mr. Hussain's request, Mr. Hussain clarified that he had submitted his request to BOP officials in his previous location, CI North Lake, on October 22, 2020. Def.'s Reply 2, ECF No. 501. Additionally, on February 19, 2021, Mr. Hussain submitted another letter requesting compassionate release to the warden at CI Big Spring. *Id*; Exhibit A, ECF No. 501-1. Thirty days have passed since the warden of CI Big Spring received the letter. Therefore, Mr. Hussain has exhausted his administrative remedies.

## II. Extraordinary and Compelling Reasons

Second, I must determine whether "extraordinary and compelling reasons" warrant a sentence reduction and that such a reduction is "consistent" with Sentencing Commission statements. 18 U.S.C. § 3582(c)(1)(A). The Fourth Circuit has found that there is no applicable policy statement that governs a defendant's motion for compassionate release. *High*, 997 F.3d at 186 (citing *United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020)). Additionally, I join with the majority of courts in finding that 18 U.S.C. § 3582(c)(1)(A)(i), as amended, grants courts with independent discretion to decide whether there are "extraordinary and compelling reasons" to modify a sentence and does not require that a court defer to the Sentencing Commission's policy

statements regarding this question. *See United States v. Wise*, Criminal No. ELH-18-72, 2020 WL 2614816, at *7-9 (D. Md. May 22, 2020) (holding the same and collecting cases). As the Fourth Circuit observed, district courts have discretion to independently assess whether circumstances meet the extraordinary and compelling threshold. *McCoy*, 981 F.3d at 281-82. More specifically, "district courts are 'empowered . . . to consider any extraordinary and compelling reason for release that a defendant might raise.'" *Id.* at 284 (citing *United States v. Zullo*, 976 F.3d 228, 230 (2d Cir. 2020)). However, while not binding, the Sentencing Commission's policy statements may provide useful guidance. *Id.* at 279 (citing *United States v. Bryant*, Crim. No. 95-202-CCB-3, 2020 WL 2085471, at *2 (D. Md. Apr. 30, 2020), *aff'd sub nom. United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020)).

The Sentencing Commission's policy statements in U.S.S.G. § 1B1.13 offer guidance here.[6] Section 1B1.13 recites the language of 18 U.S.C. § 3582(c)(1)(A) before it was amended in 2018, including the statement that "the defendant is not a danger to the safety of any other person or to the community." U.S.S.G § 1B1.13(2). The commentary to the policy statement provides four examples of what constitutes "extraordinary and compelling reasons" for a sentence reduction: (1) medical condition of the defendant; (2) age of the defendant; (3) family circumstances; and (4) a catch-all "other reasons." U.S.S.G. § 1B1.13 app. note 1(A)–(C); *see also McCoy*, 981 F.3d at 280-81.

---

[6] The Government recognizes that in *United States v. McCoy*, "the Fourth Circuit held that there is no 'applicable' policy statement governing compassionate-release motions filed by defendants under § 3582(c)(1)(A), as modified by the First Step Act." Resp. 4 (citing 981 F.3d 271 (4th Cir. 2020)). The Government notes its objection for purposes of appeal and argues that Mr. Hussain does not present extraordinary and compelling reasons under the § 1B1.13 criteria. *Id.* at 5-6, n.1. But as I have repeatedly held, and as the Fourth Circuit affirmed in *McCoy*, the § 1B1.13 categories are not binding in the compassionate release context.

Mr. Hussain asserts that his underlying medical conditions—obesity, moderate asthma, hypertension, pre-diabetes, hyperlipidemia, and a history of smoking—place him at a higher risk for serious illness if he contracts COVID-19. Def.'s Mot. Mem. 1 (citing the CDC and other authorities); Def.'s Reply 1. The Fourth Circuit has noted that "COVID-19 raises medical issues in the prison context that are particularly serious—it is highly communicable; it is aggravated by certain other medical conditions; and it can be lethal." *High*, 997 F.3d at 185. Thus, a petitioner can present an extraordinary and compelling reason related to COVID-19. *Id.* The district courts have discretion to determine how to resolve such motions. *Id.* Judges in this Court have found that the standard of extraordinary and compelling reasons was met during the COVID-19 pandemic where petitioners have serious medical problems that placed them at high risk for complications if they contracted COVID-19. *See, e.g.*, *United States v. Jennings*, Case No. 13-cr-46-PWG, 2020 WL 4748462, at *4 (D. Md. Aug. 17, 2020) (citing cases in this Court and other courts, and the application to multiple serious conditions); *but see United States v. Taylor*, No. 17-cr-0268-PWG, 2020 WL 6322620 (D. Md. Oct. 28, 2020), *appeal dismissed*, No. 20-7632, 2021 WL 1784092 (4th Cir. Jan. 13, 2021) (finding that hypertension and high BMI were not sufficient to warrant prisoner's release when the spread of coronavirus in his BOP facility was under control, and prisoner did not show that he would not receive appropriate treatment at his BOP facility, or a nearby medical facility if he were to contract the virus).

Additionally, the judges of this Court have dealt with increased rates of COVID-19 inoculation differently. *Compare United States v. Gregory*, No. CR SAG-13-0034, 2021 WL 1909605, at *5 (D. Md. May 12, 2021) (concluding that the petitioner's COVID-19 vaccination removed his pulmonary-related conditions from the category of risk constituting an "extraordinary and compelling reason"), *and United States of America v. Dion Alexander, Defendant.*, No. CR

7

RDB-16-364, 2021 WL 2661395, at *3 (D. Md. June 29, 2021) (taking into account falling COVID-19 infection figures and rising vaccinations when denying that petitioner had "extraordinary and compelling" reasons for release), *with United States v. Spriggs*, No. CR CCB-10-354, 2021 WL 1856667, at *3 (D. Md. May 10, 2021) (finding that petitioner's receipt of one vaccination shot did not greatly decrease the court's concern regarding his vulnerability to COVID-19 when he had underlying medical conditions and there are new variants of COVID-19). Certainly, the situation regarding COVID-19 is rapidly evolving, and new information about the virus and risk factors must be taken into account, as well as the changing conditions at prison facilities, for better or worse.

Here, Mr. Hussain's medical conditions of obesity, moderate asthma, hypertension, pre-diabetes, hyperlipidemia, and history of smoking are sufficient to meet the extraordinary and compelling circumstances threshold within the context of COVID-19. *See United States v. Thorpe*, No. 15-CR-296-PWG, 2021 WL 2155056, at *2 (D. Md. May 27, 2021) (acknowledging authority from this Court that obesity alone is sufficient to meet the extraordinary and compelling threshold). However, vaccinations are increasingly available at CI Big Springs, and they can reduce the risk of contracting the virus as well as the severity of an individual's symptoms if they do contract it. *See* Federal Bureau of Prisons, *COVID-19,* https://www.bop.gov/coronavirus/index.jsp. At the same time, whether Mr. Hussain has been vaccinated is not dispositive. We are still learning about the duration and level of protection that vaccinations provide for individuals with various medical conditions. *See Spriggs*, No. CR CCB-10-354, 2021 WL 1856667, at *3. Therefore, Mr. Hussain's medical conditions can still present extraordinary and compelling circumstances, even with increasing COVID-19 inoculation rates.

These concerns are further considered in the analysis of the sentencing factors.

**III.     Sentencing Factors**

A finding of "compelling and extraordinary reasons" is a necessary but not a sufficient condition for compassionate release. This Court also must consider the factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). The factors are: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed;" (3) "the kinds of sentences available;" (4) the sentencing guideline ranges; (5) "any pertinent policy statement;" (6) "the need to avoid unwarranted sentence disparities among defendants with similar records;" and (7) "the need to provide restitution to the victims of the offense." 18 U.S.C. § 3553(a).

Mr. Hussain's crime undoubtedly was serious: he pleaded guilty to conspiracy to distribute and possess with intent to distribute cocaine, cocaine base and marijuana, and conspiracy to commit money laundering. Additionally, Mr. Hussain has only served a little over fifty percent of his 120-month sentence. *Compare United States v. Jennings*, Crim. No. PWG-13-046, 2020 WL 4748462, at *5 (D. Md. Aug. 17, 2020) ( releasing defendant two months prior to his scheduled release date, after having serving 94 months of an 111 month sentence   is consistent with the sentencing factors) *with United States v. Carter,* No. PWG-17-529, 2021 WL 307417, at *4 (D. Md. Jan. 29, 2021) (finding that one-third of a sentence is "not a significant portion of [a] sentence" and "unlike most of the defendants who were granted compassionate release"). However, unlike other defendants who have served only half of their sentence, Mr. Hussain is likely not a danger to the community because of his unique circumstances. Due to the immigration detainer, if Mr. Hussain is released from prison, he will be released to the detainer and deported, not released into the community. *See* Def.'s Mot. Mem. 8.

Additionally, reducing Mr. Hussain's sentence in this case will not produce unwarranted sentencing disparities among his co-defendants. The ten co-defendants in the conspiracy are serving or have served between 12 to 140 months for their roles in the conspiracy. *See* J. 7; M. Taaf's J., ECF No. 431; Bingham's J., ECF No. 399; Apodaca's J., ECF No. 349; Gastellum-Rivas's J., ECF No. 344; Martin's J., ECF No. 359; Armstrong's J., ECF No. 412; N. Taaf's J., ECF No. 293; Attar's J., ECF No. 237; Hawkins's Amended J., ECF No. 451; Webb's J., ECF No. 233. Mr. Hussain received a higher sentence than some of his co-defendants because he was found responsible for a larger amount of cocaine and two of his co-conspirators possessed dangerous weapons. *See* Presentence Investigation R. & R. 7, ECF No. 322. Mr. Hussain also had two previous convictions that impacted his sentence. However, these convictions—driving while suspended, and assault and battery for striking another person in the face during a verbal altercation—happened in his late teens and early twenties. *See* Def.'s Mem. in Aid of Sent'g 15, ECF No. 364. Further, Co-defendant Andre Armstrong, who also was convicted of conspiracy to distribute cocaine and marijuana, and conspiracy to commit money laundering, received a sentence of 60 months of imprisonment. *See* Armstrong's J. Therefore, having served 62 months, Mr. Hussain has served a comparable sentence.

Finally, Mr. Hussain has demonstrated during his incarceration that he is committed to improving himself. He has worked when he has had opportunities to do so, and, from prison, he has begun creating a clothing line with his wife. Def.'s Mot. Mem. 9. He also has made progress in obtaining his GED even though the pandemic has impacted his access to employment, education, and rehabilitative opportunities. *Id.*

Considering all of the circumstances, while a close-call, I find that granting release at this time would be consistent with the sentencing factors set forth in § 3553(a). Therefore, I will grant

10

Mr. Hussain's motion and reduce his prison sentence to time-served, with conditions. All other conditions of Mr. Hussain's sentence, including his supervised release, remain in effect. Further, Mr. Hussain shall be released into the custody of ICE for further proceedings on his detainer.

## CONCLUSION

The Court recognizes the seriousness of the COVID-19 pandemic and the risks that Mr. Hussain faces based on his obesity, moderate asthma, hypertension, pre-diabetes, hyperlipidemia, and history of smoking. I find that Mr. Hussain has exhausted his administrative remedies and that the applicable sentencing factors justify a sentencing modification in this case. He does not pose a danger to the community because when he is released, he will be released to the immigration detainer and deported.

Therefore, Mr. Hussain's motion for compassionate release is GRANTED with conditions. Mr. Hussain shall be released to ICE upon completing a 14-day quarantine. In the event that the Government determines not to detain him prior to his deportation, then he shall serve an additional condition of supervised release requiring that he be subjected to a period of home confinement with location monitoring as determined by the United States Probation Office.

**ORDER**

For the reasons stated in this Memorandum Opinion and Order, on this 3rd day of August 2021, it is hereby ORDERED that Mr. Hussain's Emergency Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (ECF No. 489) is GRANTED with conditions. Mr. Hussain shall be released to ICE upon completing a 14-day quarantine.  If he is not held by the immigration authorities, Mr. Hussain shall be placed on home confinement for a period of 18 months, with such location monitoring as determined appropriate by the United States Probation Office.

/S/
Paul W. Grimm
United States District Judge